UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ISAIAS TOSCANO-GIL,
    Petitioner,

v.

E.M. TROMINSKI,
    Respondent.

No. CA B-98-79

MEMORANDUM AND ORDER

Before this Court is the Petition of Isaias Toscano-Gil for a Writ of Habeas Corpus, seeking review under 28 U.S.C. §§2241 of an administratively final order of exclusion and deportation, issued May 19, 1998 by the Board of Immigration Appeals, and Respondent's motion to dismiss the instant action for lack of jurisdiction.

After *de novo* review of the entire record, the Court is of the opinion that Respondent's motion to dismiss should be denied, and that the requested Writ should issue. In support of the aforementioned conclusions, this Court files the following findings of fact and conclusions of law, and enters the following Order.

## I. FINDINGS OF FACT [1]

1. Petitioner is a native and citizen of Mexico, who has resided, and been employed, in the United States since 1980, and has enjoyed permanent resident status since 1987. His wife and children are beneficiaries of visa petitions which he filed on their behalf in 1993, and have been residing in the U.S. since that time. (R:265-270,442). In March of 1996, following a brief departure to Mexico, he was stopped on his return, when the gas tank of the vehicle he was driving was found to contain approximately 52 pounds of marijuana. (R:219-221). Federal prosecution was declined, and he was charged by the State of Texas with possession of marijuana. He pled guilty, and was given five years probation. (R:444-449).

2. Exclusion proceedings were instituted under 8 USC §1182(a)(2)(C), on the grounds that the immigration authorities had reason to believe that he was involved in the trafficking of a controlled substance. (R:498). Mr. Toscano conceded excludability on this basis, and sought a waiver under §212(c) of the Act. (R:450). His application was granted by the Immigration Judge, on a finding that he had demonstrated "unusual and outstanding" equities, (R:207), that it was "highly unlikely" that he would become a repeat offender, (R:211), and that under BIA precedent, he merited relief

---

[1] The Administrative Record will be cited herein as (R:___).

2

in the exercise of discretion. (R:199-213).

3. INS appealed the grant of §212(c) relief by the Immigration Judge. (R:166-168). On May 19, 1998, the Board of Immigration Appeals, in a two-to-one decision, Board Member Villageliu dissenting, granted INS' appeal, and ordered that Mr. Toscano be excluded and deported from the United States. (R:1-6). In its decision, the Board neglected to take into account the finding of the Immigration Judge with respect to rehabilitation, *id.*, and misstated other facts of record, including Mr. Toscano's prior criminal history, by characterizing a prior arrest, for which charges were ultimately dropped, as a conviction. (R:3,279-281). The Board also found that Mr. Toscano had not shown "unusual or outstanding" equities, (R:2), without considering all of his equities, (including rehabilitation), in a cumulative fashion, and neither followed, nor distinguished, prior precedent decisions, such as *Matter of Arreguin*, I.D. 3247 (BIA 1995), where similar equities were found to rise to that level. (R:1-2).

4. Mr. Toscano filed the instant petition on June 2, 1998, asserting that he is in custody under the authority of the United States within the meaning of 28 USC §2241(c)(1), and alleging that this custody violates the laws and Constitution of the United States, under 28 USC §2241(c)(3).

3

## II. CONCLUSIONS OF LAW

1. This Court has jurisdiction to review an order of exclusion and deportation under 28 USC §2241(c)(1) and (c)(3), where statutory review is unavailable, or where the petitioner did not deliberately by-pass available statutory procedures. *Lerma de Garcia v. INS*, 141 F.3d 215 (5th Cir 1998); *U.S. ex rel Marcello v. INS*, 634 F.2d 964 (5th Cir. 1981); *Henderson v. INS*, 157 F.3d 106 (2nd Cir. 1998) (habeas jurisdiction exists over deportation order under 28 USC §2241, notwithstanding 1996 amendments to the Immigration and Nationality Act); *Goncalves v. Reno*, 144 F.3d 110 (1st Cir. 1998) (same); *Magana-Pizano v. INS*, 152 F.3d 1213 (9th Cir. 1998) (judicial review of deportation order mandated by the Suspension Clause of the United States Constitution); *Sabino v. Reno*, 8 F.Supp.2d 622 (S.D.Tx 1998) (habeas jurisdiction exists in exclusion cases for a lawful permanent resident where no other mechanism for review exists, and extends to review of the exercise of discretion). Standard avenues of judicial review are foreclosed by §309(c)(4)(G) the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), due to Petitioner's conviction for a controlled substance violation. *Lerma de Garcia v. INS, supra*. For the same reasons, there is no direct appeal of the denial of his application for §212(c) relief. IIRIRA §309(c)(4)(E).

4

2. Two subsections of 28 USC §2241 are involved. As this Court recently concluded in a series of similar cases,[2] jurisdiction is provided by §2241(c)(1) for petitioners who are "in custody under or by color of the authority of the United States," and 28 USC §2241(c)(3), for those "in custody in violation of the Constitution or laws or treaties of the United States." An administratively final order of exclusion and deportation constitutes "custody under ... the authority of the United States" for purposes of 28 USC §2241(c)(1); *Justices of Boston Municipal Court v. Lydon*, 104 S.Ct. 1808, 1809 (1984); *Heikkila v. Barber*, 345 U.S. 229 (1953); *U.S. ex rel Marcello v. INS, supra; Sabino v. Reno, supra*. Although he is in exclusion proceedings, Petitioner is entitled to procedural Due Process, because "once an alien gains admission to our country and begins to develop the ties that go with permanent residence, his constitutional status changes accordingly." *Landon v. Plasencia*, 459 U.S. 21, 32, 103 S.Ct. 321 (1982).

3. Habeas corpus review under such circumstances extends, at a minimum, to errors of law and constitutional violations. *Henderson v. INS, supra; Goncalves v. Reno, supra; Sabino v. Reno, supra*. The errors of which the Petitioner complains fall within these categories. He is not requesting that the Court substitute its

---

[2] *See, for example, Cantu-Salinas v. Trominski*, CA B-97-183.

judgment for that of the Board of Immigration Appeals. Rather, he urges, and the Court finds, that it violates procedural Due Process where, as here, the Board fails to follow (or distinguish) its own precedent, neglects to take into consideration such crucial matters as rehabilitation, and misstates such important facts as his criminal history. *Landon v. Plasencio, supra; INS v. Yang*, 117 S.Ct. 350, 353 (1996) (Though agency's discretion is unfettered at the outset, if it announces and follows a general policy by which its exercise of discretion will be governed, unexplained departure from that policy is subject to reversal); *Diaz-Resendez v. INS*, 960 F.2d 493, 495 (5th Cir. 1992) (BIA must follow or distinguish prior cases that appear similar); *Magana-Pizano v. INS, supra; Sabino v. Reno, supra; Opie v. INS*, 66 F.3d 737, 740 (5th Cir. 1995) (Although the BIA need not "write an exegesis on every contention ... its opinion must reflect that it has heard and thought and not merely reacted"). Mr. Toscano was prejudiced by these errors, in that it appears that, had the Board followed its own precedent, he would most probably have been granted relief. *INS v. Yang, supra; Diaz-Resendez v. INS*, supra; Matter *of Arreguin, supra*.

4. Under such circumstances, the case must be remanded for reconsideration under the proper standard. *Diaz-Resendez v. INS, supra. See also, INS v. Cardoza-Fonseca*, 107 S.Ct. 1207 (1987).

Because of the foregoing, this Court enters the following Order:

### III.  ORDER

IT IS HEREBY ORDERED that the Government's Motion to Dismiss be, and the same hereby is, *DENIED*;

IT IS FURTHER ORDERED that Mr. Toscano's Petition For Writ of Habeas Corpus be, and the same hereby is, *GRANTED*.

IT IS FURTHER ORDERED that the decision of the Board of Immigration Appeals of May 19, 1998 be *vacated*, and that the case be *remanded* to the BIA for further proceedings consistent herewith.

The Clerk of Court shall send certified copies of the foregoing to all counsel of record.

DONE AT BROWNSVILLE, TEXAS this ____ day of _____, 1998.

                                                                          _____
                                                                          Hilda G. Tagle
                                                                          United States District Judge